IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                  No. CR S-03-0497 FCD KJM P

     vs.

RENALDO OREJEL-OCHOA,

      Movant.                     FINDINGS AND RECOMMENDATIONS

_____/

        Movant is a federal prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2255. Movant stands convicted, based on a guilty plea, of illegally entering the United States. On June 28, 2004, he was sentenced to 46 months in the Federal Bureau of Prisons.

        Respondent points to the fact that movant waived his right to file a § 2255 habeas application in his plea agreement. Opp'n, Ex. A ¶ 5. The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made in the course of plea negotiations is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005).

        Movant fails to assert that he entered his plea involuntarily or unintelligently. Movant does say his trial counsel never told him he had the right to file a § 2255 habeas

1

1  application. Mot. at 2:11-13. The court assumes movant means that counsel never informed
2  movant orally before he pled guilty that by pleading guilty he would be giving up the right to file
3  a § 2255 habeas application. Even if this is the case, movant was informed in the language of his
4  plea agreement, which he signed after having been provided the assistance of a certified
5  interpreter, that he would be giving up any right he might have to file a § 2255 habeas
6  application. Opp'n, Ex. A at 5 & ¶ 5. The record of the hearing during which the court accepted
7  movant's guilty plea also indicates movant was notified of his right to appeal and waived it.
8  Opp'n, Ex. B (docket no. 22); see also Opp'n, Ex. C at 1.

9  For these reasons, the court will recommend that movant's application for writ of
10 habeas corpus be denied, without the need to reach movant's other arguments.

11  In accordance with the above, IT IS HEREBY RECOMMENDED that:

12  1. Movant's October 18, 2004 application for writ of habeas corpus be denied;

13  2. This action be dismissed; and

14  3. The Clerk of the Court be directed to close the companion civil case CIV S 04-
15  02204 FCD KJM P.

16  These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
18  days after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties. Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
21  shall be served and filed within ten days after service of the objections. The parties are advised
22  that failure to file objections within the specified time waives the right to appeal the District
23  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: February 22, 2008.

_____
U.S. MAGISTRATE JUDGE

26  1/mele0097.257